FILED

March 26, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ JW

DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOHN KINARD, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **3: 25-CV-00140-LE** |
| | § | |
| FRANK BISIGNANO[1], | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision by the Social Security Administration (SSA). Pursuant to 42 U.S.C. § 405(g), Plaintiff/Claimant John Michael Kinard, the claimant at the administrative level, appeals from the final decision of Defendant, the SSA's Commissioner, denying his claim for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI. The parties consented to the magistrate judge conducting all proceedings, including the entry of final judgment. For the reasons that follow, the Commissioner's decision is **AFFIRMED**.

**I.   BACKGROUND & PROCEDURAL HISTORY**

In September 2021, Kinard filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income.[2] The alleged disability began April 1, 2007.[3]

---

[1] Frank Bisignano has served as the Commissioner of Social Security since May 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is hereby automatically substituted for former Acting Commissioner Leland Dudek as the defendant in this action. In accordance with the final sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), no further action is required to maintain or continue this suit.

[2] Tr. of Admin. R. at 31 [hereinafter, "Tr."], ECF No. 9.

[3] *Id.*

1

On May 18, 2022, Kinard's claims were denied, and again upon reconsideration on July 3, 2023.[4]  Administrative Law Judge ("ALJ") Talia Timmins held a video hearing on April 12, 2024, and later issued a decision denying Kinard's claims on July 31, 2024.[5]  Kinard requested review of the ALJ's decision on September 30, 2024, which was denied by the Appeals Council on October 9, 2024.[6]  The ALJ's decision became the final decision of the Commissioner at that time.  Kinard now seeks judicial review of the decision.

Kinard's physical impairments center around intestinal problems including ulcerative colitis and Crohn's disease, gastritis, chronic abdominal pain, lower back pain, a moderate compression fracture of the lumbar spine, and a left foot fracture.[7]  Kinard testified that he has "frequent an incomplete bowel movements…probably around 10 on average"[8] that impact his ability to sleep and impact his ability to complete a full workday. The ALJ acknowledged Kinard has the following severe impairments: "noninfective gastroenteritis and colitis; osteoarthritis of the lumbar spinal facet joint; osteoarthritis of the right ankle and foot; left foot metatarsalgia; and Achilles tendinitis."[9] Regarding his mental health, "the claimant has refused to attend consultative psychological evaluations."[10]

On appeal, Kinard presents two issues for the Court.  First, Kinard alleges the ALJ "erred as a matter of law by relying on [her] own lay opinion in assessing the Plaintiff's functional limitations in order to create" the Claimant's residual functional capacity ("RFC").[11] Second, Kinard alleges that the ALJ failed to "account for all severe conditions in the RFC".[12]

---

[4] *Id.*
[5] *Id.* at 28.
[6] *Id.* at 17-20.
[7] *Id*. at 53.
[8] *Id*. at 61-62.
[9] *Id*. at 34.
[10] *Id*. at 34.
[11] Plaintiff's Brief at 6 [hereinafter, "Pl. Br."], ECF No. 11.
[12] *Id.*

For the reasons set forth below, the Court **AFFIRMS** the ALJ's decision.

## II. DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's decision is limited to determining whether (1) the Commissioner's final decision is supported by substantial evidence on the record and (2) the Commissioner applied the proper legal standards. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015). In applying this standard, courts evaluate and scrutinize the record to determine if such evidence is present. *Id.* However, the court may not "reweigh the evidence." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). Further, in any conflict or evidentiary uncertainty, the court cannot substitute its judgment for the Commissioner's, even if they believe the evidence weighs against the Commissioner's decision. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Sun*, 793 F.3d at 508. A finding of "no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016).

Generally, where the Commissioner applies an incorrect legal standard in evaluating the evidence, the decision must be reconsidered. *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir. 1989). However, legal error alone does not mandate reversal, and remand is appropriate if the error is harmful. *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *3 (5th Cir. Jan. 18, 2023) (per curiam) (unpublished) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–08 (2009)); As the Fifth Circuit stated, "Procedural perfection in administrative proceedings is not required. This court will

3

not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). An error is harmless when "it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). The burden is on the plaintiff to show harm from the error. *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012).

### B. Evaluation Process

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment… which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 416(i). In evaluating a disability claim, the ALJ follows a five-step sequential process to determine whether: (1) the claimant is currently engaged in substantial gainful employment; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or medically equals a listed impairment in the appendix to the regulations; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from performing other substantial gainful activity. *See* 20 C.F.R. § 404.1520(a)(4); *Salmond*, 892 F.3d at 817.

Between steps three and four, the ALJ assesses the claimant's "residual functional capacity" ("RFC"), which reflects the most the claimant can still do despite their limitations. 20 C.F.R. § 404.1520(e); *see also* § 404.1545(a)(1). In making the RFC, the ALJ considers "all the relevant medical and other evidence." *Id.*; *see also* § 404.1545(a)(3). When evaluating medical opinions, the ALJ must assess the persuasiveness based on several factors, though only supportability and consistency must be addressed in the decision. *Id.*; *see also* § 404.1520c(a); § 404.1520c(b)(2).

The claimant's RFC is then used at step four and five in making determinations as to the claimant's ability to perform past work or perform other work. *Id.*; *see* § 404.1520(e).

The claimant carries the burden of proof through the first four steps. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). If the claimant meets this burden, at step five the burden shifts to the Commissioner "to show that there is other substantial gainful employment available that the claimant is capable of performing." *Fraga v. Bowen*, 810 F.2d 1296, 1301–02 (5th Cir. 1987). If the Commissioner meets this burden, "the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Id*.

C. **<u>The ALJ's Findings</u>**

At step one, the ALJ found that Kinard had not engaged in substantial gainful activity since September 15, 2021.[13] At step two, the ALJ found that Kinard had the following severe impairments: "noninfective gastroenteritis and colitis; osteoarthritis of the lumbar spinal facet joint; osteoarthritis of the right ankle and foot; left foot metatarsalgia; and Achilles tendinitis."[14] Further, the ALJ "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity."[15] At step three, the ALJ concluded that Kinard did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.[16] Between steps three and four, the ALJ determined "that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except he can occasionally climb ladders, ropes, or scaffolds; can frequently climb ramps and stairs, kneel,

---

[13] Tr. at 33.
[14] *Id.* at 34.
[15] *Id.*
[16] *Id.*

crouch, crawl, and stoop; can occasionally balance, as defined by the Selected Characteristics of Occupations (SCO); and can never work in the presence of hazardous machinery with fast moving parts, at unprotected heights, or be required to operate a motor vehicle as part of the job duties."[17] At step five, the ALJ determined: "Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform… "[18]

### D. Analysis

On appeal, Kinard presents two issues for the Court. First, Kinard alleges the ALJ "erred as a matter of law by relying on [their] own lay opinion in assessing the Plaintiff's functional limitations in order to create" the Claimant's residual functional capacity ("RFC").[19] Second, Kinard alleges that the ALJ failed to "account for all severe conditions in the RFC".[20]

1. **Whether the ALJ "erred as a matter of law by relying on [her] own lay opinion in assessing the Plaintiff's functional limitations in order to create" the Claimant's RFC**

An "ALJ is responsible for determining an applicant's residual functional capacity." *Nasiruddin H. v. Comm'r of Soc. Sec. Admin.*, No. 2:24-CV-142-BW, 2025 WL 2460189, at 3 (N.D. Tex. Aug. 26, 2025*) (*quoting *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021)). In making that determination, the ALJ examines the medical evidence of record, including physician testimony and treatment records. *Id*. The ALJ evaluates the persuasiveness of medical opinions by "considering supportability, consistency, relationship with the claimant, specialization, and other relevant factors, with supportability and consistency being the most important." *Id.* at *4 (citing 20 C.F.R. §§ 404.1520c(b)(2), (c)(1)–(5), 416.920c(b)(2), (c)(1)–(5)). Although the ALJ

---

[17] *Id.* at 35.
[18] *Id.* at 38.
[19] Plaintiff's Brief at 6 [hereinafter, "Pl. Br."], ECF No. 11.
[20] *Id.*

does not defer to any medical opinion or assign it controlling weight, the ALJ must explain the persuasiveness determination sufficiently to permit meaningful judicial review. *Id.* (quoting 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b); *Hubbard v. Comm'r of Soc. Sec.*, No. 4:20-CV-00588-BP, 2022 WL 196297, at *4 (N.D. Tex. Jan. 21, 2022)). Further, while the ALJ does not need to discuss every piece of evidence or assign weight to each symptom or diagnosis, the ALJ cannot reject a medical opinion without explanation. *Id.* (citing *Kneeland v. Berryhill*, 850 F.3d 749, 759–60 (5th Cir. 2017); *Michelle K.M. v. Berryhill*, No. 3:17-CV-3044-BH, 2019 WL 1243355, at *13 (N.D. Tex. Mar. 18, 2019)).

Substantial evidence is "more than a mere scintilla," and an ALJ may still draw conclusions from accurate medical information and formulate an RFC that does not mirror any one medical opinion, so long as the decision remains supported by substantial evidence. *Id.* (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019); citing *Barrett v. Berryhill*, 906 F.3d 340, 343 (5th Cir. 2018); *Webster*, 19 F.4th at 719)). In making this determination, the ALJ is expected to build "an accurate and logical bridge" between the evidence and the conclusion reached. *Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010). If the ALJ's analysis lacks such a bridge or rests solely on lay interpretation of raw medical data, it may be reversible error. *See Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012).

Here, Claimant alleges "that the RFC is not supported by substantial evidence, as the ALJ did not base her determination on any medical opinion, nor did she provide substantial evidence to support her finding that the Plaintiff was able to complete a 40-hour work week considering his severe impairments."[21] Further, Claimant contends "the ALJ formulated an RFC without relying on a single medical opinion regarding the Plaintiff's physical limitations."[22] Claimant argues: "the

---

[21] Pl. Brief at 9.
[22] Id.

ALJ rejected all medical opinions related to the Plaintiff's physical limitations and, instead, formulated an RFC based upon her own lay interpretation of the records."[23]

Claimant essentially argues that, because the ALJ rejected all the medical opinions, the ALJ lacked substantial evidence to formulate the RFC and instead relied on her own lay interpretation of raw medical data to assess how the claimant's impairments affected his ability to work. However, the argument fails because the ALJ is not required to adopt a specific physician's assessment. *Nasiruddin H. v. Comm'r of Soc. Sec. Admin.*, No. 2:24-CV-142-BW, 2025 WL 2460189, at \*4 (N.D. Tex. Aug. 26, 2025)(citing *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at \*3–4 (5th Cir. Jan. 18, 2023)). An RFC may still be supported by substantial evidence even where the ALJ neither adopted the state-agency report verbatim nor accepted the testimony of a treating physician. *Id*. (citing *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021)). As the Fifth Circuit has emphasized, the "task of weighing the evidence is the province of the ALJ." *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). This includes evaluating conflicting medical opinions and deciding how much weight to assign each source. *Adams v. Colvin*, 202 F. Supp. 3d 644, 649 (W.D. Tex. 2016).

In this present case, the ALJ found the "prior administrative medical findings from the state agency medical consultants regarding the claimant's physical impairments and limitations not persuasive."[24] The ALJ came to this conclusion because the medical consultant assessments found the Claimant "as able to perform activities corresponding to light exertion," which the ALJ found "it is not consistent with additional records received at the hearing level documenting impairment of the feet and ongoing pain management for back pain with findings of mild tenderness to

---

[23] Id.

[24] Tr. at 38.

palpation of the cervical to lumbar spine reasonably reducing the claimant to a sedentary residual functional capacity finding."[25]

The ALJ took into account Claimant's physical examinations, overall medical history, medications, procedures, among other factors, in determination of the RFC.[26] Further, the ALJ heard testimony from Claimant regarding his medical conditions, symptoms, ability to conduct daily tasks, and testimony from the Claimant's mother, and from a vocational expert regarding jobs available for someone with the RFC being considered.[27] The ALJ considered a significant amount of evidence in order to make an informed, thorough decision. Therefore, "[t]he ALJ did not improperly draw medical opinions from raw data but properly examined the extensive medical documentation." *Nasiruddin H. v. Comm'r of Soc. Sec. Admin*., No. 2:24-CV-142-BW, 2025 WL 2460189, at *4 (N.D. Tex. Aug. 26, 2025 (quoting *Wills v. Kijakazi*, No. 22-20609, 2023 WL 4015174, at *4 (5th Cir. June 14, 2023) (unpublished)).

Based on its review of the record, this Court concludes that the ALJ's physical RFC finding was more restrictive than the limitations assessed by the State-agency medical consultants which is permissible. *Id. (*citing *Wills v. Kijakazi*, No. 22-40403, 2023 WL 4015174, at 3 *(*5th Cir. June 15, 2023)("noting that the ALJ imposed more restrictive limitations than those previously suggested by the state agency medical consultants"))*;* citing *Nikela H. v. Comm'r of Soc. Sec. Admin.*, No. 3:22-CV-939-N-BK, 2023 WL 6299967, at 4 (N.D. Tex. Sept. 8, 2023), *report and recommendation adopted*, 2023 WL 6300568 (N.D. Tex. Sept. 27, 2023)("finding ALJ did not err by including additional limitations beyond those assessed by State agency medical consultants")). Therefore, Claimant's argument essentially is an "invitation for the [reviewing] court to reweigh

---

[25] *Id.* at 38.
[26] *Id.* at 35-38.
[27] *Id.* at 46-83.

the evidence, which is not proper under the substantial-evidence standard…" *Id. See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000)). "The ALJ's findings are subject to judicial review only to check for compliance with law and the support of substantial evidence (more than a mere scintilla but less than a preponderance)." *Id*; *See Biestek*, 139 S. Ct. at 1154. "The law demands that the ALJ carefully review the record, delineate his findings with attention to the full record, and point to substantial evidentiary support for his findings." *Id*. This is what this Court finds the ALJ has done in this case.

It is important to note, that Claimant also argues "the ALJ failed in her duty to develop a complete record by obtaining a medical opinion to review the additional evidence and findings and provide an explanation as to the maximum restrictions based on those studies."[28] Further, Claimant asserts, "the ALJ's deficient findings about the impact of the Plaintiff's physical impairments were prejudicial. Had the ALJ properly developed the record with additional medical opinions, those opinions could have indicated that the Plaintiff was more limited in his ability to perform sedentary work."[29]

An "ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Vasquez v. O'Malley*, No. EP22CV00349FMMAT, 2024 WL 1481437, at *5 (W.D. Tex. Feb. 21, 2024), *report and recommendation adopted*, No. EP-22-CV-00349-FM, 2024 WL 1195558 (W.D. Tex. Mar. 19, 2024), *aff'd*, No. 24-50233, 2024 WL 4381269 (5th Cir. Oct. 3, 2024)(quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). An ALJ's "failure to fulfill this duty is not reversible error unless the claimant is prejudiced." *Id*. "A consultative examination is required to develop a full and fair record only if the record establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id*. (citing *Webster v. Kijakazi*, 19

---

[28] Pl.'s Br. at 14.
[29] *Id*.

F.4th 715, 720 (5th Cir. 2021)). Where the record lacks any medical opinions, "describing the types of work that the applicant is still capable of performing," "[t]he absence of such a statement ... does not, in itself, make the record incomplete." *Id*. (quoting *Ripley*, 67 F.3d at 557).  Further, "where no medical statement has been provided, our inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Id*. (quoting *Ripley*, 67 F.3d at 557). These "types of medical opinions are just one of several categories of evidence the ALJ considers in making RFC determinations." *Id*. *See* 20 C.F.R. § 404.1513.

While the ALJ is not required to adopt any single opinion, the conclusion must be grounded in the record, which the ALJ has done here, building a cohesive narrative. *David W. G.*, No. 4:23-CV-3462, 2024 WL 5284884, at *7 (S.D. Tex. Dec. 3, 2024). The record contains medical documents from 2018, 2019, 2020, 2021, 2022, 2023, and 2024 which is sufficient to allow the ALJ to determine disability.[30] *Vasquez v. O'Malley*, 2024 WL 1481437, at *5; *See Hardman v. Colvin*, 820 F.3d 142, 148 (5th Cir. 2016) ("holding the ALJ had sufficient facts before him to determine disability where the record was replete with medical documents that spanned years"). The ALJ reviewed Claimant's medical records, and the state agency evaluations.[31] Further, the ALJ heard testimony from Claimant regarding his medical conditions, symptoms, ability to conduct daily tasks, from the Claimant's mother, and from a vocational expert regarding jobs available for someone with the RFC being considered.[32]  Therefore, the ALJ considered a significant amount of evidence in order to make an informed, thorough decision. *Id*. "Although a consultative examination is an option within the ALJ's discretion, the record does not support that additional

---

[30] *See generally* Tr.
[31] *See generally* Tr.
[32] *Id*. at 46-83.

11

information was necessary in order for the ALJ to make the decision about disability" *Id.* Therefore, this Court is satisfied that the record was sufficiently developed by the ALJ.

In sum, the ALJ's RFC determination is supported by substantial evidence, reflects appropriate consideration of the full record, and comports with applicable legal standards.

**2.  Whether the ALJ failed to "account for all severe conditions in the RFC"**

As discussed above, "The ALJ ... must build an accurate and logical bridge between the evidence and the final determination." *TRICIA J. v. Bisignano*, No. 4:25-CV-00683-BU, 2026 WL 395706, at *6 (N.D. Tex. Feb. 12, 2026) (quoting *Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010)). If the logical connection between a medical opinion and an RFC limitation can be clearly inferred, the ALJ's failure to directly articulate it is not an error warranting remand. *Id*. "The purpose of assessing a claimant's RFC is to determine the work that can be done despite present limitations." *Vasquez v. O'Malley*, No. EP-22-CV-00349-FM-MAT, 2024 WL 1481437, at 6 (W.D. Tex. Feb. 21, 2024), *report and recommendation adopted, No. EP-22-CV-00349-FM,* 2024 WL 1195558 (W.D. Tex. Mar. 19, 2024), *aff'd,* No. 24-50233, 2024 WL 4381269 (5th Cir. Oct. 3, 2024) (citing *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (per curiam)); citing 20 C.F.R. § 404.1545(a)).

Courts have found that, when impairments are identified as severe at step two, but the RFC includes no limitations for those impairments, the RFC can effectively contradict the step-two finding. *Id.* (citing *Walker v. Colvin*, No. 3:14-CV-1498-L, 2015 WL 5836263, at 15 (N.D. Tex. Sept. 30, 2015)*; Spears v. Barnhart*, 284 F. Supp. 2d 477, 483 (S.D. Tex. 2002); *Norman v. Astrue*, No. SA-10-CA-849-XR, 2011 WL 2884894, at 6 (W.D. Tex. July 18, 2011); cf. *Rangel v. Astrue*, No. H-08-2246, 2009 WL 2971129, at *15 (S.D. Tex. Sept. 14, 2009)). However, a severe impairment at step two does not by itself entitle a claimant to benefits, because step two severity

and the RFC analysis are different inquiries. *Id.* (quoting *Shipley v. Sec'y of Health & Hum. Servs.*, 812 F.2d 934, 935 (5th Cir. 1987) (per curiam); citing *Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *9* (5th Cir. Aug. 19, 2005) (per curiam); citing *Boyd v. Apfel*, 239 F.3d 698, 706 (5th Cir. 2001); citing *Quigley v. Astrue*, No. 4:09-CV-402-A, 2010 WL 5557500, at *8 (N.D. Tex. Sept. 8, 2010), *report and recommendation adopted*, 2011 WL 61630 (N.D. Tex. Jan. 5, 2011)).

Accordingly, an ALJ does not necessarily err by finding an impairment severe at step two and then declining to assign a separate RFC limitation for that impairment, so long as the decision shows that the ALJ considered the impairment's effects in some meaningful way. *Id.* (citing *Gonzalez v. Colvin*, No. 4:12-CV-641-A, 2014 WL 61171, at 6–7 (N.D. Tex. Jan. 6, 2014); *Carnley v. Colvin*, No. 3:12-CV-3535-N, 2013 WL 5300674, at 9 (N.D. Tex. Sept. 20, 2013); *Scott v. Colvin*, No. 4:12-CV-01569, 2013 WL 6047555, at *11 (S.D. Tex. Nov. 14, 2013)). The key requirement is that the ALJ clearly considers the severe impairment in determining the claimant's RFC, even if the ALJ does not assess a distinct limitation for each severe impairment. *Id.* (citing *Campbell v. Berryhill*, No. 3:15-CV-3913-N, 2017 WL 1102797, at *12 (N.D. Tex. Feb. 24, 2017), *report and recommendation adopted*, 2017 WL 1091651 (N.D. Tex. Mar. 23, 2017)).

Here, Claimant asserts, "the ALJ formulated an RFC… that addresses the limitations with regard to the Plaintiff's severe impairments of osteoarthritis of the lumbar spinal facet joint, osteoarthritis of the right ankle and foot, left foot metatarsalgia, and Achilles tendinitis..."[33] However, Claimant argues the "RFC does not include any limitation that accommodates any type of gastrointestinal disorders such as noninfective gastroenteritis or colitis, nor does she explain why no such limitations are included."[34] Therefore, Claimant "asserts that the ALJ failed to build

---

[33] Pl.'s Br. at 17.
[34] *Id.*

an accurate and logical bridge between the final RFC determination and the Plaintiff's severe impairments of noninfective gastroenteritis and colitis. The ALJ's decision is simply unclear how these severe limitations were considered during her formation of the RFC."[35]

At step two, the ALJ notes the following severe impairments: "noninfective gastroenteritis and colitis; osteoarthritis of the lumbar spinal facet joint; osteoarthritis of the right ankle and foot; left foot metatarsalgia; and Achilles tendinitis."[36] The ALJ states the "above medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28."[37] Further, the ALJ "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity."[38]

The ALJ acknowledges Claimant's "alleged an inability to keep a schedule and 10 bowel movements per day."[39] The ALJ also notes Claimant takes medication that helps his gastrointestinal symptoms.[40] There has also been several instances in which Claimants gastrointestinal examinations were normal.[41]

The ALJ also states: "As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because although the claimant testified to an average of 10 bowel movements per day, treatment records do not reflect gastrointestinal symptoms, pain, or any other symptoms of a severity or frequency that would prevent the claimant from performing at least sedentary work."[42] The ALJ points to the fact that "claimant has

---

[35] *Id.*
[36] Tr. at 34.
[37] *Id.*
[38] *Id.* at 35.
[39] *Id.*
[40] *Id.*
[41] *Id.* at 35-38.
[42] *Id.* at 37.

consistently denied severe physical, gastrointestinal, and psychiatric symptoms during the period at issue."[43] Further, The ALJ asserts: "If the claimant was experiencing severe gastrointestinal symptoms or 10 bowel movements a day, it is reasonable to conclude his treating providers would have documented his report of persistent symptoms…. medical evidence reflects, and his hearing testimony suggested, that his gastrointestinal symptoms and back pain are reasonably controlled and stable with medications and treatment."[44]

The ALJ adequately considered Claimant's gastritis, intestinal issues, and colitis in formulating the RFC, specifically his severe impairments of noninfective gastroenteritis and colitis. The decision did not merely list those impairments at step two and then ignore them; instead, the ALJ discussed Claimant's gastrointestinal complaints, reviewed the treatment history, considered the objective and subjective evidence, and addressed the course of the conditions over time.[45] The ALJ specifically noted Claimant's reported symptoms, the medical management provided, evidence that medication was helping control the conditions, and records showing that Claimant at times denied ongoing gastrointestinal issues.[46] In doing so, the ALJ reasonably accounted for Claimant's severe impairments and evaluated whether the record supported ongoing functional restrictions attributable to gastritis or colitis. The decision therefore reflects that the ALJ considered these impairments in the RFC analysis and reasonably concluded that the evidence did not support greater limitations than those assessed. *See Vasquez v. O'Malley*, 2024 WL 1481437, at *7.

Accordingly, the ALJ considered the medical impairments from step two when she made the RFC determination and assessed Claimant's limitations based on their impact on her actual

---

[43] *Id.*
[44] *Id.*
[45] *Id.* at 35-38.
[46] *Id.*

ability to do work. Therefore, there is no inconsistency between the ALJ's step two findings and her RFC determination.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Commissioner's decision is **AFFIRMED**. So **ORDERED** and **SIGNED** this 26th day of March 2026.

_____
**LAURA ENRIQUEZ**
**UNITED STATES MAGISTRATE JUDGE**